# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SIMS, COOK, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 KEVIN M. PEARCE**
**United States Army, Appellant**

ARMY 20110107

Headquarters, United States Army Accessions Command and Fort Knox
Timothy Grammel, Military Judge
Colonel Robert J. Cotell, Staff Judge Advocate

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Meghan M. Poirier, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major LaJohnne A. White, JA; Captain Daniel H. Karna, JA (on brief).

16 May 2012

-------------------------------
SUMMARY DISPOSITON
-------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of three specifications of absence without leave, in violation of Article 86 of the Uniform Code of Military Justice, 10 U.S.C. § 886 (2008) [hereinafter UCMJ]. Appellant was sentenced to a bad-conduct discharge, confinement for eleven months, and forfeiture of $978.00 pay per month for eleven months. The convening authority (CA) approved eight months of confinement, sixty-two days of confinement credit, and the remainder of the adjudged sentence.[*] This case is before us court for review pursuant to Article 66, UCMJ.

---
[*] We note that the CA inexplicably waived "automatic forfeiture of two-thirds pay and allowances" for the benefit of appellant's spouse, yet approved the adjudged forfeiture of $978.00 pay per month for 11 months, thereby preventing any funds

(continued . . .)

Appellant alleges, and the government concedes, that there is no evidence that a letter from appellant's previous company commander, enclosure 8 to appellant's Rule for Courts-Martial [hereinafter R.C.M.] 1105 matters, was submitted to the CA prior to his taking initial action in appellant's case as is required by R.C.M. 1107(b)(3)(A)(iii) and *United States v. Wheelus*, 49 M.J. 283, 287 (C.A.A.F. 1998). We agree, and will return this case for a new recommendation and action.

## CONCLUSION

The convening authority's action, dated 16 June 2011, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate recommendation and initial action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

(. . . continued)
from being paid to appellant's spouse. In light of our disposition of this case, however, we need not address this ambiguity.